**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW ELIA, | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-466 |
| v. | (JUDGE CAPUTO) |
| ROBERT J. POWELL, MICHAEL T. CONAHAN, MARK A. CIAVARELLA, PA CHILD CARE, LLC, WESTERN PA CHILD CARE LLC, ROBERT K. MERICLE, MERICLE CONSTRUCTION, INC., PINNACLE GROUP OF JUPITER, LLC, BEVERAGE MARKETING OF PA, INC., VISION HOLDINGS, LLC, MID ATLANTIC YOUTH SERVICES CORP, and PERSEUS HOUSE, INC. d/b/a ANDROMEDA HOUSE, | |
| Defendants. | |

**MEMORANDUM**

On February 27, 2012, I issued an order that, among other things, dismissed Plaintiff's § 1983, civil conspiracy, and false imprisonment claims as untimely. I dismissed the claims on the grounds that they had been filed more than two years after the equitable tolling date for the statute of limitations, and thus they were untimely.

Upon further consideration of the statute of limitations, I now determine that Plaintiff's claims fall under the *American Pipe* tolling doctrine. Under that doctrine, "the commencement of a class action suspends the applicable statute of limitations to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554

(1974).[1] On February 13, 2009, various plaintiffs filed a class action suit arising out of the alleged conspiracy at issue in this case. *See Conway v. Conahan*, No. 3:09-cv-0291, *later consolidated as Wallace v. Powell*, 3:09-cv-0286. The putative class includes juveniles incarcerated by Defendant Mark Ciavarella and their parents who incurred damages. Plaintiff here, who was a juvenile incarcerated by Mr. Ciavarella, falls within that class. Therefore, the statute of limitations on his § 1983 and state tort claims was tolled pursuant to *American Pipe* upon the filing of the class action suit in *Wallace v. Powell*.

    For this reason, Plaintiff's claims were not untimely and the order dismissing his claims will be vacated. An appropriate order follows.

| | |
|---|---|
|  March 21, 2012  <br> Date |  /s/ A. Richard Caputo  <br> A. Richard Caputo <br> United States District Judge |

---

[1] There is a circuit split as to whether *American Pipe* tolling applies in situations such as here where class certification has not yet been denied. For the reasons noted in my March xx order in *Wallace v. Powell*, No. 3:09-cv-0286, I hold that the tolling doctrine does apply.